[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-12179

_____

D. C. Docket No. 06-00456-CR-5-SLB-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER E. BRANNAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 23, 2009)**

Before MARCUS, KRAVITCH and ANDERSON, Circuit Judges.

MARCUS, Circuit Judge:

Walter Brannan appeals his convictions for the Alabama state law offenses

of indecent exposure and public lewdness while in the Wheeler National Wildlife

Refuge, an area under the jurisdiction of the United States, all in violation of 50 C.F.R. § 27.83 and 16 U.S.C. § 668dd.  On appeal, Brannan challenges his conviction for indecent exposure on the grounds that the charging information was faulty because it left out an essential element of the crime, and, more generally, he challenges both convictions on the grounds that the district court abused its discretion by admitting evidence of Brannan's other similar acts under Fed. R. Evid. 404(b).  After thorough review, we affirm.

I.

The relevant facts and procedural history are these.  The Wheeler National Wildlife Refuge is a federal property located in Alabama that is open to the general public.  In the summer of 2006, Federal Wildlife Officers conducted a covert operation to identify and charge any individuals engaged in illegal sexual activity in the park, pursuant to 16 U.S.C. § 668dd and 50 C.F.R. § 27.83.[1]  Based upon conduct that occurred on July 20, 2006 during a walk in the Wildlife Refuge, Brannan was charged with two Alabama state law violations on a federal reservation: Count One alleged indecent exposure and Count Two public

---

[1]  Under 16 U.S.C. § 668dd, the U.S. Fish and Wildlife Service may administer the National Wildlife Refuge lands and waters "for the benefit of present and future generations of Americans."  16 U.S.C. § 668dd(2).  Pursuant to this authority, the Secretary of the Interior promulgated regulations for the Wildlife Refuge lands, including 50 C.F.R. § 27.83, which prohibits visitors from engaging in acts of "indecency or disorderly conduct as defined by State or local laws ... on any national wildlife refuge."  50 C.F.R. § 27.83

lewdness.[2]  On the morning of trial, before voir dire had commenced, Brannan

raised an issue for the first time regarding the sufficiency of Count One (indecent

exposure).  Brannan argued that although the Alabama indecent exposure statute

did not mention consent, a later provision of Alabama law incorporated the

victim's lack of consent as an essential element into all crimes arising under the

same article.

---

[2] The charging instrument, an information filed by the United States Attorney read this way:

COUNT ONE: [50 CFR 27.83 and Title 16 U.S.C. 668dd]

The United States Attorney charges:
That on or about July 20, 2006, in Limestone County, within the Northern District of Alabama, the defendant,
                    WALTER E. BRANNAN,
while on land acquired for the use of the United States and under the concurrent jurisdiction thereof, that is, the Wheeler National Wildlife Refuge, did knowingly commit the crime of indecent exposure, in that the defendant, with intent to arouse and gratify sexual desires of himself and of a person other than his spouse, did expose his genitals under circumstances in which he knew his conduct was likely to cause affront and alarm in a public place, in violation of 50 C.F.R. 27.83 and Title 16, United States Code, Section 668dd.

COUNT TWO:  [50 CFR 27.83 and Title 16 U.S.C. 668dd]

The United States Attorney charges:
That on or about July 20, 2006, in Limestone County, within the Northern District of Alabama, the defendant,
                    WALTER E. BRANNAN,
while on land acquired for the use of the United States and under the concurrent jurisdiction thereof, that is, the Wheeler National Wildlife Refuge, did knowingly commit the crime of public lewdness, in that the defendant did expose his genitals in a public place and was reckless about whether another would be present who would be offended and alarmed by his act, in violation of 50 C.F.R. 27.83 and Title 16, United States Code, Section 668dd.

Specifically, Title 13A, Article 6 of the Alabama Criminal Code at § 13A-6-68, provides that:

> A person commits the crime of indecent exposure if, with intent to arouse or gratify sexual desire of himself or of any person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm in any public place or on the private premises of another or so near thereto as to be seen from such private premises.

Ala. Code § 13A-6-68.  The later provision, § 13A-6-70, in turn says that:

> Whether or not specifically stated, it is an element of every offense defined in this article ... that the sexual act was committed without consent of the victim.

Ala. Code § 13A-6-70.  Because Count One did not include this element of non-consent, Brannan argued that the count for indecent exposure was defective. Notably, however, Brannan said that he was not asking the Government to refile an information alleging the missing element, nor that he was trying to delay the trial, but that he would agree to an amendment to the Count.  No such amendment was made.

The colloquy between defense counsel and the district court included the following exchange:

Mr. Gardner:     And it's not charged in the information. That element is not in the information, and I told David [Estes, Prosecutor].

4

| | |
|---|---|
| The Court: | I see what you're saying. It wasn't properly charged. |
| Mr. Gardner: | And I'm not trying to dodge a trial today. In fact, I would agree to an amendment that would include that, but I do think it clearly states here it's an element. |
| The Court: | So you're not asking them to supercede or to refile -- it's not an indictment -- but to refile an information alleging that element? |
| Mr. Gardner: | No, I'm not. |
| The Court: | I will look at it, and we will talk at the charge conference. I don't want to say right now, unless you already know that you agree to it. |

R2 at 7-8 (emphasis added).

After the voir examination was completed and the jury was impaneled and sworn but before opening statements commenced, the district court conducted a preliminary charging conference with counsel, at which time Brannan again raised the issue of consent. The following exchange occurred between the prosecutor (Mr. Estes), defense counsel (Mr. Gardner), and the district court:

| | |
|---|---|
| Mr. Estes: | I have two arguments. I think, first, to frame your argument and make sure I understand it, he's saying because I did not allege it in the information, there's a problem? |
| The Court: | No. He's saying he's going to waive that for sure. He's going to waive that; right? Were you saying that? I'm not trying to put words in your mouth. |

5

Mr. Gardner:    <u>I just say it's an element.  I'm not going to ask for it to be dismissed or us not to proceed today.</u>

R2, at 24-25 (emphasis added).

After a brief recess, the preliminary charging conference resumed, at which time the district court determined that it would not include in its jury instructions the victim's lack of consent as an element of Count One.  At that point, the court asked whether either party had anything else to address.  Defense counsel said, "No."  Trial commenced shortly thereafter.  Notably, at no time before or during trial did the defendant move to either dismiss the charging information on the ground that the charge omitted an essential element, or seek a continuance to give the prosecution an opportunity to change the charging instrument.

The Government presented at trial, among others, the testimony of Darron Speegle, who was a Federal Wildlife Officer assigned to the Wheeler National Wildlife Refuge.  He explained that in July of 2006 citizens essentially were deprived access to certain areas within the Wildlife Refuge "because of illegal deviant sexual activity."  In order to address this problem, the Officer asked for the assistance of other Federal Wildlife Officers to conduct a covert operation to surveil, identify, and charge any individuals who may be engaged in illegal conduct.

One of the participating officers, Greg Blanks, was assigned to act in a non-uniformed capacity as a member of the public, walking the trails and sitting on the park benches. Blanks testified that on July 26, 2006, he encountered the defendant Brannan, who initially walked by Blanks as Blanks sat on a bench. Soon thereafter, according to the Officer, Brannan returned, approached Blanks, and said hello. Brannan told Blanks that he (Brannan) had spent the morning having sex with a friend and had taken photographs. Then the defendant, who stood two feet in front of Blanks, began to rub his groin area, exposed his erect penis, began to masturbate, and asked the Officer if he wanted to engage in sex. The Officer testified that he then identified himself as a federal officer, took the defendant to a processing area, and issued a citation to Brannan. Officer Blanks unambiguously testified that at no time did he ask the defendant to expose himself or otherwise solicit Brannan in any way.

At the close of the Government's case-in-chief, Brannan moved for judgment of acquittal on Count One (indecent exposure) arguing that it did not allege a necessary element: that the act was committed without the consent of the victim. The district court denied the motion, concluding that the Government was not required to prove that the victim did not give consent. No further motions were made.

The court then initiated still another preliminary discussion with counsel concerning the proposed jury charge. Brannan objected to the instructions concerning indecent exposure because they did not address the matter of the victim's consent. The district court did not rule on the objection at the time. The defense then proceeded to present evidence of its own. In his defense, Brannan testified that he was at the Wildlife Refuge to exercise and take pictures of nature, and that Officer Blanks initiated a conversation with him and asked Brannan several times to expose himself, which the defendant said he did only after having been asked to do so three times by the Officer.

Based on Brannan's testimony, the Government sought permission to question Brannan about his familiarity with the Wildlife Refuge and whether on four or five occasions he had previously visited the Wildlife Refuge with the intent of engaging in causal sex. The prosecution argued that this inquiry rebutted Brannan's testimony that he had only exposed himself at Blanks' request and that it showed predisposition. After hearing the proffer out of the presence of the jury, the district court, over the defendant's objection, allowed the cross examination. The Government elicited from Brannan that, before the incident with Officer Blanks, he was aware that the Wildlife Refuge was a place to go to have casual

sex, and that on four or five previous occasions he had engaged in sexual conduct at the Wildlife Refuge.

At the close of the case, Brannan did not renew his motion for judgment of acquittal.

During a final charging conference, neither side objected to the court's proposed jury instructions, which included a modified instruction on entrapment.[3] Notably absent were any instructions on consent. Nor did Brannan raise any further objection to the charging document. The jury convicted the defendant on both counts. Thereafter, Brannan was sentenced to 45 days incarceration on each count to run concurrently.

This timely appeal ensued.

II.

---

[3] The trial court's final jury charge included a modified instruction on entrapment with which defense counsel explicitly agreed.

| The Court: | If you find on either or both of the counts -- how about this? If you find on either or both of the court that the government has proved the defendant guilty beyond a reasonable doubt, then you need to consider whether the defendant is entitled to the defense of entrapment, and then I would read the entrapment charge. |
| --- | --- |
| Mr. Gardner: | Okay. |

R3 at 51.

We review the sufficiency of a charging instrument de novo. United States v. Pendergraft, 297 F.3d 1198, 1204 (11th Cir. 2002). The charging document, whether an information or grand jury indictment, "must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003)(quotation and brackets omitted). When an indictment defectively omits an essential element, the ensuing conviction must be reversed. See id. at 1085-86; United States v. Adkinson, 135 F.3d 1363, 1378 (11th Cir. 1998); United States v. Gayle, 967 F.2d 483, 485 (11th Cir. 1992); United States v. Italiano, 837 F.2d 1480, 1482 (11th Cir. 1988). We are precluded, however, from reviewing an issue raised on appeal if it has been waived through the doctrine of invited error. United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006); United States v. Silvestri, 409 F.3d 1311, 1337 (11th Cir. 2005); Ford ex. rel. Estate of Ford v. Garcia, 289 F.3d 1283, 1293-94 (11th Cir. 2002), cert. denied, 537 U.S. 1147 (2003). Moreover, we review the evidentiary rulings of the trial court only for a clear abuse of discretion. United States v. Novaton, 271 F.3d 968, 1005 (11th Cir. 2001). And when we employ the deferential abuse-of-discretion standard "we must affirm unless we find that the district court has made a clear error of

10

judgment, or has applied the wrong legal standard." United States v. Frazier, 387

F.3d 1244, 1259 (11th Cir.2004) (en banc) (citation omitted).

A.

In the Eleventh Circuit, "[t]he doctrine of invited error is implicated when a

party induces or invites the district court into making an error." United States v.

Stone, 139 F.3d 822, 838 (11th Cir. 1998). "Where a party invites error, the Court

is precluded from reviewing that error on appeal." United States v. Harris, 443

F.3d 822, 823-24 (11th Cir. 2006); Silvestri, 409 F.3d at 1337; Ford, 289 F.3d at

1294. Thus, if a party waives a procedural right or agrees to the admissibility of

certain evidence, he cannot later complain that any resulting error is reversible.

See Harris, 443 F.3d at 824 ("The fact remains that [defendant's] counsel waived

the PSI and that waiver invited any error that may have arisen here. Accordingly,

there is no reversible error."); United States v. Jernigan, 341 F.3d 1273, 1289-90

(11th Cir. 2003) (holding that defendant invited error by agreeing to allow tape-

recorded statement into evidence; court cannot review the impropriety of jury

hearing the tape); Love, 449 F.3d at 1157 (holding that defendant invited error by

expressly acknowledging that the court could impose a sentence of supervised

release; precluded from claiming resulting sentence was in error); United States v.

Parikh, 858 F.2d 688, 695 (11th Cir. 1988) (holding defense counsel invited error

11

when he asked government witness to relay hearsay); United States v. Trujillo, 714 F.2d 102, 105 (11th Cir. 1983) (holding defense counsel invited error when he told jury that the indictment was insufficient; cannot appeal impropriety of prosecutor's responding comment).

The doctrine stems from the common sense view that where a party invites the trial court to commit error, he cannot later cry foul on appeal. Stone, 139 F.3d at 838 ("Generally, an appellate court will not review an error invited by a defendant, on the rationale that the defendant should not benefit from introducing error at trial with the intention of creating grounds for reversal on appeal.").

After thoroughly reviewing this record we are constrained to conclude that Brannan affirmatively waived his right to challenge the charging document on appeal because he encouraged the district court to proceed to trial on the allegedly faulty count. Indeed, the defendant had multiple opportunities to correct the perceived error. When Brannan initially raised a concern regarding the omission, the district court inquired whether he was asking the Government to supercede or refile the information; he explicitly said, "No, I'm not." Moreover, he added that even though he believed that Count One lacked an essential element, he was not "trying to dodge a trial today."

Brannan reiterated this view after the jury was impaneled but before trial began. The district court again asked the defendant whether he was "going to waive" any objection to the purported defect in the charge and the defendant unambiguously said: "I'm not going to ask for it to be dismissed or us not to proceed today." Nor did Brannan move to dismiss Count One at any time during the proceeding. Indeed, knowing that the court had rejected his request for an instruction about the victim's lack of consent, he raised no objection to the information nor to the instructions.

Even when read in a light most favorable to the defendant, this must constitute invited error. Not only did Brannan fail to object to the charging instrument nor move to dismiss it, he affirmatively encouraged the district court to try this case on the very charge he thought defective. Indeed, he made it clear throughout the proceedings that he wanted no delay in the trial. Had he objected and moved to dismiss, or had he even asked the Government to amend the information before going forward, the purported defect could have been easily corrected. Simply put, the defendant cannot use the trial as a dry run on a charging instrument he believed to be defective, encourage the trial court to go forward, and only return to the issue later on appeal after sustaining an

13

unfavorable outcome. This is invited error and it bars us from reviewing Brannan's first claim on appeal.

B.

Brannan also says that the district court erred by admitting evidence of his prior sexual acts in the Wildlife Refuge, under Fed. R. Evid. 404(b). We are unpersuaded. The evidence elicited on cross examination was plainly relevant, rebutted Brannan's claims on direct examination, bore directly on predisposition and an entrapment defense, and was not so unfairly prejudicial as to outweigh its probative value.

Under Rule 404(b), evidence of prior crimes, wrongs, or bad acts is not admissible to prove a defendant's character in order to show conformity therewith, but may be admissible to show motive, intent, preparation, plan, or absence of mistake or accident. Fed. R. Evid. 404(b); United States v. Perez, 443 F.3d 772, 779 (11th Cir. 2006); United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005). It is by now horn-book law in this Circuit that to be admissible under Rule 404(b), "[1] the evidence must be relevant to an issue other than the defendant's character; [2] the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; [and 3] the probative value of the evidence must not be substantially outweighed by its undue prejudice,

14

and the evidence must meet the other requirements of Rule 403." Matthews, 431 F.3d at 1310-1311 (citation omitted); United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000); United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992).

The district court plainly did not abuse its discretion by allowing evidence of Brannan's prior sexual acts in the Wildlife Refuge. As we've noted, on direct examination Brannan testified at length that he did not initiate any improper contact with Officer Blanks and only exposed himself at Blanks' repeated request. The district court properly allowed the Government to rebut Brannan's testimony that he would not otherwise have engaged in indecent exposure or public lewdness by establishing that Brannan did indeed have the requisite intent, motive, or state of mind to visit the park for purposes of engaging in casual sex. The evidence elicited on cross examination undeniably tended to rebut Brannan's direct testimony.

Moreover, evidence that the defendant had previously engaged in sexual acts at the Wildlife Refuge went directly to the issue of whether he was induced to commit the crime. "Although the government normally may not introduce evidence of a defendant's predisposition to engage in criminal activity, it may do so once a defendant submits evidence which raises the possibility that he was

induced to commit the crime," usually in the context of an entrapment defense.

United States v. Walther, 867 F.2d 1334, 1343 (11th Cir. 1989); United States v.

Roper, 874 F.2d 782, 788 (11th Cir. 1989). An entrapment defense has two basic

elements: "(1) government inducement of the crime, and (2) lack of predisposition

on the part of the defendant." United States v. Ryan, 289 F.3d 1339, 1343 (11th

Cir. 2002). Introduction of extrinsic evidence is a reliable method for showing the

criminal predisposition necessary to rebut any allegation of entrapment. United

States v. Salisbury, 662 F.2d 738, 741 (11th Cir. 1981).

Here, the defendant's strategy hinged on Brannan's testimony that Blanks

wrongfully solicited, encouraged, and consented to Brannan's act, and that

Brannan would not have otherwise exposed himself in the Wildlife Refuge.

Evidence that Brannan had previously visited the Wildlife Refuge for casual sex

tended to show that he was not unwittingly induced into action by the improper

conduct of a federal agent. Although Brannan did not assert a legal entrapment

defense during trial,[4] the Government had no way of knowing whether counsel

---

[4] During the final charging conference, it was clear Brannan was not arguing legal entrapment, but defense counsel admitted that there was potential for the argument that the officer had entrapped Brannan:

| The Court: | Let's decide on the entrapment. You're not actually not legally arguing entrapment. Yours really is going, in my view, to the element that he didn't affront or alarm. Aren't you? It's not so much entrapment that he pulled it out. It's really going to the |

16

would assert entrapment as a defense until the close of its case, and properly

prepared for the defense by eliciting testimony of Brannan's prior sexual acts in

case entrapment was argued at the end of the case. Nonetheless, Brannan's

testimony regarding his awareness of the Wildlife Refuge as a casual sex meeting

area and his admission that he had previously engaged in casual sex at the Wildlife

---

element that he was not affronted or alarmed.

| | |
|---|---|
| Mr. Gardner: | In terms of if it does come down to a swearing contest, my guy is more believable. That's been my defense from the beginning on this. <u>Although I do admit that David [Estes, the Prosecutor] could argue that some of the testimony just elicited would suggest that the idea originated from the officer.</u> |
| The Court: | The first offense is that he exposed his genitals with the intent to gratify the sexual desire of himself or someone else. I don't see you really arguing that not being met. The second I don't see that the offense was committed under circumstances the defendant knew his conduct was likely to cause affront or alarm. In my view, your defense is, from how I've heard you try the case, is this officer wasn't affronted or alarmed, and he didn't think anybody else was going to see it. |
| Mr. Gardner: | That's it. |
| The Court: | Right? |
| Mr. Gardner: | You're absolutely right. |
| The Court: | It's not that he was entrapped in the sense of-- I'm just trying to think if this is going to be confusing to the jury. |

R3 at 47-48 (emphasis added).

Refuge properly addressed Brannan's claim that he was induced or enticed into action by a law enforcement officer.

On this record, we cannot say that the district court abused its considerable discretion by admitting the evidence of Brannan's prior sexual acts. "Far from being cumulative or of marginal value to the Government's case, the Government's need for the evidence was strong; it may have been determinative of the issue of willfulness" since the whole case really boiled down to competing testimony from Brannan and Blanks. United States v. Lamons, 532 F.3d 1251, 1266-67 (11th Cir. 2008).

Accordingly, we affirm.

**AFFIRMED.**