[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10582
Non-Argument Calendar

_____

D. C. Docket No. 08-20552-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM M. GONZALEZ-MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 7, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

William Gonzalez-Morales appeals his 41-month sentence imposed after he

plead guilty to conspiracy to possess with intent to distribute cocaine. Because Gonzalez-Morales either (1) invited the error of which he now complains or, alternatively, (2) failed to establish that his sentence is unreasonable in light of the record and the § 3553(a) factors, we affirm.

A federal grand jury indicted Gonzalez-Morales and his co-defendants on two counts: (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 ("Count 1") and (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 ("Count 2"). Soon thereafter, Gonzalez-Morales and the government entered into a plea agreement in which the government agreed that if Gonzalez-Morales pled guilty to Count 1, it would seek to dismiss Count 2 after sentencing. The government further agreed to recommend a two-level acceptance of responsibility reduction, pursuant to U.S.S.G. § 3E1.1(a). Also, if Gonzalez-Morales's offense level at sentencing was 16 or greater, the government agreed to file a motion requesting an additional one-level reduction, pursuant to § 3E1.1(b). However, the government would "not be required to make this motion and these recommendations if [Gonzalez-Morales]: . . . (3) commit[ed] any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense . . ." That same day, Gonzalez-Morales knowingly and voluntarily

2

pled guilty to Count One.

The PSI assigned a base offense level of 20, pursuant to § 2D1.1(a)(3). Although the government agreed to recommend the additional one-level acceptance of responsibility reduction, pursuant to § 3E1.1, the PSI did not assign the reduction because Gonzalez-Morales had engaged in further criminal conduct after his guilty plea by being arrested for grand theft of crab pots on January 9, 2009. Based on previous convictions for cocaine possession, grand theft, and cocaine trafficking, the PSI computed a criminal history category of IV, yielding a guideline range of 51-63 months' imprisonment.

At sentencing on January 23, 2008, knowing it could award two of the three acceptance points, the district court granted Gonzalez-Morales a two-level acceptance of responsibility reduction, which reduced Gonzalez-Morales's offense level from 20, to 18, and reduced his guideline range from 51-63 months, to 41-51 months. However, while the government conceded that absent the crab pot arrest Gonzalez-Morales qualified for the additional one-level reduction, the government expressed its concern over the lack of information on the crab pot case and its hesitancy to move for the additional one-point reduction without more information. Accordingly, the government did not file a motion for the additional one-level acceptance reduction, pursuant to U.S.S.G. § 3E1.1(b). When asked by the court if

3

there were any objections to the guideline's computations, Gonzalez-Morales responded "No." Gonzalez-Morales then requested a sentence at the low end of the guideline range. The court then sentenced Gonzalez-Morales to 41 months' imprisonment.

On appeal, Gonzalez-Morales argues that the district court imposed an unreasonable sentence by failing to vary his sentence downward to give him credit for the additional one-level acceptance reduction.

"In the Eleventh Circuit, the doctrine of invited error is implicated when a party induces or invites the district court into making an error." United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009) (internal quotation omitted). "Where a party invites error, the Court is precluded from reviewing that error on appeal." Id. Gonzalez-Morales did not object to the guideline's calculation and requested a low-end sentence, which the district court granted. Therefore, because Gonzalez-Morales invited the error, if any, of which he now complains, we are precluded from reviewing that error on appeal. Brannan, 562 F.3d at 1306. Alternatively, even if Gonzalez-Morales did not invite error, the trial court had no authority to grant the additional one-level reduction absent a formal motion by the government at the time of sentencing. U.S.S.G. § 3E1.1, comment. (n.6) citing Pub. L. 108-21 § 401(g)(2)(B) (emphasis added). Finally, we see no other

indication—and Gonzales-Morales has pointed to none—that the trial court's sentence was procedurally or substantively unreasonable.

**AFFIRMED.**