[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11971
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00235-CG-B-2

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2012
JOHN LEY
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRITNEY LAFAYE BARNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 14, 2012)

Before BARKETT and HULL, Circuit Judges, and HINKLE,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Robert L. Hinkle, United States District Judge for the Northern District of
Florida, sitting by designation.

Britney Barnes appeals her convictions for possessing a firearm while a user of unlawful drugs in violation of 18 U.S.C. § 922(g)(3) and as an indicted felon in violation of 18 U.S.C. § 922(n). She argues that: (1) the government presented insufficient evidence to support her convictions; and (2) that the district court improperly admitted her prior statements about possessing a gun under Fed. R. Evid. 404(b).

We review the sufficiency of the evidence to support a conviction *de novo*, viewing the evidence "in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict." *United States v. Langford*, 647 F.3d 1309, 1319 (11th Cir. 2011). We review a district court's decision to admit evidence under Fed. R. Evid. 404(b) for an abuse of discretion. *United States v. Phaknikone*, 605 F.3d 1099, 1107 (11th Cir.), *cert. denied*, 131 S.Ct. 643 (2010).

### (1) Sufficiency of the evidence

The events leading up to Barnes' arrest included a high-speed car chase in which the driver of the pursued car, James Brown, ultimately drove through a fence and into an open field. At trial, Officer Walden, who participated in the high-speed chase, testified that after the car had come to a stop, he observed a

2

male, whom he identified as Brown, and a female, whom he identified as Barnes, inside the car, that both reached toward the floor, and when they arose, they both had a hand on the same firearm, which discharged. This was enough to establish joint possession of the firearm.[1]

At trial, Barnes presented a duress defense through her own testimony. She testified that she was in an abusive relationship with Mr. Brown, and that the gun was the means by which Mr. Brown controlled her. She testified that, prior to the car chase, she had been "under the constant unending threat of death or serious injury," from Mr. Brown, and that the only time she handled the weapon was during the chase when Brown was driving the car and threatening to cock the weapon if she did not do exactly as he told her.

Barnes does not dispute that the government produced sufficient evidence to prove the elements of the gun possession crimes with which she was charged. Instead, she argues that the government failed to *disprove* her defense of duress. A duress defense, however, "does not controvert any of the elements of the offense itself." *Dixon v. United States*, 548 U.S. 1, 6, 126 S.Ct. 2437, 2441, 165 L.Ed.2d

---

[1] As the government points out, the other elements of the offense were also established at trial. The parties stipulated that the gun traveled in interstate commerce. At trial, Barnes' admitted to using drugs at the time of the offense, which was an essential element of § 922(g)(3) and that she was under felony indictment for a prior charge at the time of the offense, which is an essential element of § 922(n).

299 (2006). In *United States v. Deleveaux*, we expressly rejected the contention that the justification defense of duress negates any element of a gun possession offense. 205 F.3d 1292, 1297 (2000). Rather, duress is an affirmative defense which a defendant bears the burden to prove by a preponderance of the evidence. *Dixon,* 548 U.S. at 6; *Deleveaux*, 205 F.3d, at 1297.

To establish a duress defense in a felon in possession case, a defendant must show: "(1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place [herself] in a situation where [she] would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm." *United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir. 2000).

Even if the defendant proves duress by a preponderance of the evidence, the government is not under an obligation to rebut that defense. Rather, the defendant is then entitled to a jury instruction on duress. *United States v. Bailey*, 444 U.S. 394, 412-13 (1980). *Cf. United States v. Foster*, 153 F. App'x 674, 676 (11th Cir. 2005) (concluding that defendant was not entitled to duress instruction because

4

she failed to satisfy her burden of production). In this case, the jury <u>was</u> instructed on Barnes' affirmative duress defense.

Based on this record, we conclude that the government introduced sufficient evidence for the jury to convict Barnes, and a reasonable jury could reject the credibility of Barnes's testimony regarding her defense.

### *(2) Admission of evidence under Rule 404(b)*

At trial, the government introduced a statement that Barnes had made to an officer about possessing a gun during the course of the investigation of a prior, unrelated robbery attempt in which Barnes and Brown were both involved.[2] The government wished to introduce this evidence under Fed. R. Evid. 404(b) to demonstrate Barnes's intent, and lack of mistake or accident, to possess a gun.

"Under Rule 404(b), evidence of prior crimes, wrongs, or bad acts is not admissible to prove a defendant's character in order to show conformity therewith,

---

[2] Detective Glenn Hartenstein testified at Barnes' trial that he interviewed Barnes in connection with that prior, unrelated incident, and that she made the following statement:

I[,] Britney Barnes, told my boyfriend (James Brown) to drop me off at Winn-Dixie to purchase some items. He dropped me off and went to the store. I told him I would be there in a minute. I pretended to walk inside Winn-Dixie, but instead walked and looked for someone to rob. I saw the old man putting his purchases in the trunk. I put the gun on the trunk and told him I didn't want to hurt him but I needed all his money. He said he didn't have any. I put my gun in my pocket and ran toward Dodge's, but I spotted my boyfriend to the left of me at the strip mall. I started walking toward the car and said: Pull off. He was smoking a cigarette. We left and he asked: What's wrong? I said: Nothing. Let's just go home.

5

but may be admissible to show motive, intent, preparation, plan, or absence of mistake or accident." *United States v. Brannan*, 562 F.3d 1300, 1307 (2009). "'[O]ther crimes' evidence is evaluated under a three-part test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the requirements of Rule 403." *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir.) (en banc), *cert. denied,* 506 U.S. 942 (1992).

Barnes' argument that "the purported 404(b) evidence...[is] immaterial and irrelevant because of the defense offered by the defendant here," is belied by her very defense that she never would have used a gun or possessed a gun if she had not been under duress to do so by Mr. Brown. The district court concluded that "the previous episode indicate[d] that she in fact had used a gun in a robbery before and that the boyfriend was not apparently involved." This 404(b) evidence was therefore properly admitted to rebut the duress defense.

The court also gave the jury a limiting instruction to mitigate any prejudice resulting from this evidence. *See United States v. Baker*, 432 F.3d 1189, 1205 (11th Cir. 2005) (mentioning that the effectiveness of limiting instructions should

be part of a court's Fed. R. Evid. 403 balancing).[3]  We therefore conclude that the district court did not abuse its discretion when it admitted this evidence under Rule 404(b).

**AFFIRMED.**

---

[3] The district court instructed the jury that it could consider Hartenstein's testimony only for the following limited purposes:

> [T]o determine whether [Barnes] had the state of mind or intent necessary to commit the crimes charged in the indictment, whether [she] had the motive or opportunity to commit the crimes charged in the indictment, or whether [she] acted according to a plan or in preparation for the commission of the crime, or whether [her] identity . . . as the perpetrator of the crime charged here has been established.