FLOYD, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority’s opinion except as to Part IV, in which it concludes that the district court did not err in joining McLaurin’s felon-in-possession counts with his conspiracy counts. Federal Rule of Criminal Procedure 8(a) allows “very broad joinder” such that-“joinder is the rule rather than the exception.” United States v. Hawkins, 589 F.3d 694, 700 (4th Cir.2009) (quoting United States v. Mac-kins, 315 F.3d 399, 412 (4th Cir.2003); United States v. Armstrong, 621 F.2d 951, *389 954 (9th Cir.1980)) (internal quotation marks omitted). “Broad,” however, does not mean “unlimited.” Because I believe that the district court overstepped Rule 8(a)’s boundaries, I respectfully dissent.
I.
Pursuant to Rule 8(a), joinder of offenses is appropriate when the offenses are (1) “of the same or similar character,” (2) “based on the same act or transaction,” or (3) “connected with or constitute parts of a common scheme or plan.” This Court has interpreted Rule 8(a)’s second and third prongs to allow joinder when “the joined offenses have a ‘logical relationship’ to one another,” meaning that “consideration of discrete counts against the defendant paints an incomplete picture of the defendant’s criminal enterprise.” United States v. Cardwell, 433 F.3d 378, 385 (4th Cir.2005) (quoting United States v. Hirschfeld, 964 F.2d 318, 323 (4th Cir.1992)). This Court reviews de novo the question of whether charges were properly joined. Hawkins, 589 F.3d at 700.
The government contends that joinder was proper because McLaurin’s felon-in-possession and conspiracy counts were “based on the same act or transaction” and were “connected with or constitute^] parts of a common scheme or plan.” In support of this argument, the government points out that the confidential informant who introduced McLaurin to the undercover agent for the purpose of the firearms sales underlying the felon-in-possession charges also introduced him to Special Agent Shawn Stallo, the undercover agent who proposed the stash house robbery. The government also avers that “law enforcement identified McLaurin as a target for the home invasion investigation, at least in part, as a result of McLaurin’s two firearms sales to the undercover officer.” In sum, the government argues that “[b]e-cause the story of McLaurin’s role in the home invasion investigation begins with the two firearms sales, the district court correctly concluded that the felon-in-possession counts were logically related to the conspiracy counts.”
The government made a similar argument that two charges were logically related because they stemmed from a single law enforcement investigation in United States v. Cardwell. In that case, this Court considered whether the lower court erred in joining a felon-in-possession count with counts related to an attempted murder for hire. Law enforcement officials found the firearm that was the basis for the felon-in-possession charge when they arrested the defendant for the planned murder. 433 F.3d at 383-84. The government contended that the counts were logically related because “the firearm count was based on the seizure of the [gun] during the investigation of the murder-for-hire-scheme.” Id. at 386 (alteration in original) (internal quotation marks omitted). The Court rejected the government’s argument and concluded that the discovery of the gun during the murder-for-hire investigation established only a temporal link between the felon-in-possession and murder-for-hire counts, which was insufficient to create a logical relationship between the crimes. Id. (“A contrary holding would effectively read Rule 8(a) to allow limitless joinder whenever the charge resulted from the fruits of a single investigation.”). However, the Court ultimately found that the district court had properly joined the counts due to “additional facts.” Id. at 387 (emphasis omitted). Specifically, after officers arrested the defendant for the attempted murder, he stated that he would have used the gun to shoot them if he had known they were about to arrest him. Id. at 384, 387.
*390 Cardwell establishes that a relationship between the law enforcement investigations into two crimes does not render those crimes logically related under Rule 8(a). The government’s contention that law enforcement officials identified McLaurin as a target for a home-invasion investigation due to the firearm sales is therefore beside the point. Accordingly, the only remaining link between the felon-in-possession counts and the conspiracy counts is their temporal proximity, and, as I note above, Cardwell makes it clear that a temporal link between charges does not make joinder appropriate unless “additional facts” counsel otherwise. See also Hawkins, 589 F.3d at 704 (“[A] mere temporal connection is not sufficient to establish the propriety of joinder.”).
The majority brings up two additional considerations in support of its conclusion that McLaurin’s felon-in-possession charges are logically related to his conspiracy charges. First, the majority contends that “[f]rom the fact that McLaurin had experienced two successful criminal transactions — the gun sales — that were directly attributable to the same confidential informant’s introduction, the jury could reasonably infer that McLaurin had a higher level of trust in the Undercover Officers than he would have had” otherwise. Ante at 385-86. However, I cannot discern how this potentiality renders the felon-in-possession and conspiracy counts logically related. Although McLaurin’s increased trust may have allowed law enforcement officials to succeed in getting him to participate in the home-invasion scheme, this consideration speaks only to the connection between the law enforcement investigations into the felon-in-possession and conspiracy counts. Cardwell therefore renders this point irrelevant to the Rule 8(a) calculus.
Second, the majority points out that McLaurin told Special Agent Stallo that he needed a new firearm to use during the home invasion, presumably because he sold his only guns during the controlled buys that resulted in the felon-in-possession charges. Ante at 385-86. If anything, this fact renders the conspiracy and felon-in-possession counts less related because the firearms sales prevented McLau-rin from using those weapons in furtherance of the home invasion. Because these additional considerations do not draw a logical connection between the conspiracy and felon-in-possession counts, I would hold that the district court should not have joined them.
II.
The fact that the district court erred in joining McLaurin’s felon-in-possession and conspiracy counts does not end the inquiry. Misjoinder warrants reversal only if it “affects substantial rights,” meaning it “result[ed] in actual prejudice because it had substantial and injurious effect or influence in determining the jury’s verdict.” Hawkins, 589 F.3d at 704 (quoting United States v. Lane, 474 U.S. 438, 449, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986)) (internal quotation marks omitted). To determine whether misjoinder resulted in actual prejudice, this Court considers the following indicia of harmlessness:
(1) whether the evidence of guilt was overwhelming and the concomitant effect of any improperly admitted evidence on the jury’s verdict; (2) the steps taken to mitigate the effects of the error; and (3) the extent to which the improperly admitted evidence as to the misjoined counts would have been admissible at trial on the other counts.
Id. at 700, 704 (quoting Mackins, 315 F.3d at 414). The government will prevail if it *391 proves that each of these elements weigh in favor of harmlessness. Id. at 700.
Under this Court’s precedent, a district court may give an entrapment instruction only if “there is sufficient evidence from which a reasonable jury could find entrapment.” United States v. Hsu, 364 F.3d 192, 198-99 (4th Cir.2004) (quoting Mathews v. United States, 485 U.S. 58, 62, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988)) (internal quotation marks omitted). The district court held as a matter of law that this case warranted an entrapment instruction, and the government does not challenge that determination on appeal. I therefore conclude that the evidence of McLaurin’s guilt on the conspiracy counts was not overwhelming.
In addition to inquiring whether the evidence of guilt was overwhelming, the first harmlessness factor also asks whether contends that joinder affected the verdict because the government used the facts of the February 25 gun possession to argue against entrapment. Specifically, during its closing argument, the government made the following statement:
[Defense counsel] told you in his closing that this should be concerning to you, that government agents go out and just make up crimes. No, what should be concerning to you is if government agents, law enforcement sat back and waited for crime to happen.
What should be concerning to you is that members of the general public are walking around with sawed off shotguns shoved down their pants leg, selling them to undercover police officers. That should concern you.
In other words, the government drew a connection between McLaurin’s predisposition to commit the home invasion and one of his felon-in-possession charges. The government does not attempt to argue that this portion of its closing argument had no effect on the jury’s verdict. Instead, as I discuss in greater detail below, the government contends that the evidence underlying the felon-in-possession charges would have been admissible to prove McLaurin’s predisposition even if the district court had declined to join the offenses.
Turning to the second harmlessness factor, the district court attempted to mitigate the effects of joining McLaurin’s felon-in-possession and conspiracy counts by giving the following limiting instruction:
Each count and the evidence pertaining to it should be considered separately. The case of each defendant should be considered separately and individually-
The fact that you may find one or both of the accused guilty or not guilty of any of the crimes charged, should not control your verdict as to any other crime or other defendant.
This Court presumes that juries follow courts’ instructions. See United States v. Chong Lam, 677 F.3d 190, 204 (4th Cir.2012). This indicator of harmlessness therefore weighs against a finding of prejudice.
The government’s argument that mis-joinder did not prejudice McLaurin relies heavily on the third harmlessness factor: the extent to which the evidence regarding the felon-in-possession charges would have been admissible at a separate trial on the conspiracy charges. According to the government, Federal Rule of Evidence 404(b) would allow admission of the facts underlying the felon-in-possession charges because they speak to McLaurin’s predisposition to commit the stash house robbery. Specifically, the government argues that the evidence “shows that McLaurin had access to the tools required to complete the robbery” and therefore serves to “rebut his entrapment defense” by demonstrating his *392 ability and intent to follow through with the home invasion.
When a defendant raises an entrapment defense, the government may demonstrate predisposition through evidence that the defendant committed similar crimes in the past. See United States v. Tanner, 61 F.3d 231, 238 (4th Cir.1995) (“[The defendant] demonstrated his predisposition to [distribute a drug] over and over again, through his pattern of illegal sales of various drugs over many years.”); see also United States v. Abulhawa, 833 F.2d 1006 (4th Cir.1987) (unpublished table decision) (“It is clear that the government is permitted broad latitude under Rule 404(b) to introduce evidence of relevant prior acts once a defendant has raised a claim of entrapment thereby putting into issue his predisposition to commit the crimes with which he is charged.”). As the Second Circuit explained, “this past conduct should be ‘near enough in kind to support an inference that his purpose included offenses of the sort charged;’ although it is not necessary that the past conduct be precisely the same as that for which the defendant is being prosecuted.” United States v. Brand, 467 F.3d 179, 200 (2d Cir.2006) (quoting United States v. Harvey, 991 F.2d 981, 994 (2d Cir.1993)). The key inquiry in these cases, therefore, is whether the defendant’s past conduct is similar enough to the charged crime to render the evidence probative of predisposition.
Both the majority and the government cite numerous cases from our sister circuits that illustrate the degree of similarity required to render past conduct indicative of United States v. Cervantes, 706 F.3d 603, 616 (5th Cir.2013), the Fifth Circuit concluded that the defendant’s prior participation in an attempted home invasion was similar enough to the charged conspiracy to commit an armed home invasion to weigh on his predisposition. Other courts have viewed only comparably similar prior acts as probative of the defendant’s predisposition in entrapment cases. See United States v. Brannan, 562 F.3d 1300, 1307-08 (11th Cir.2009) (evidence that defendant had engaged in sexual acts at a wildlife refuge sufficiently similar to charged offenses of indecent exposure and public lewdness at the same wildlife refuge); United States v. Abumayyaleh, 530 F.3d 641, 650 (8th Cir.2008) (convictions for receiving a stolen firearm and being a felon in possession of a firearm sufficiently similar to charge for being a felon in possession of a firearm); Brand, 467 F.3d at 199-200 (evidence that the defendant possessed child pornography and child erotica sufficiently similar to charged crimes related to sexual acts with children); United States v. Van Horn, 277 F.3d 48, 57-58 (1st Cir.2002) (prior burglary of an explosives depot sufficiently similar to charged possession of explosives); United States v. Goodapple, 958 F.2d 1402, 1406-07 (7th Cir.1992) (evidence that the defendant had engaged in drug transactions sufficiently similar to charged distribution of and possession with intent to distribute controlled substances). The sole outlier is United States v. Acosta, in which the First Circuit concluded, without explanation, that the defendant’s seemingly irrelevant prior drug dealing was “properly made known to the jury” during his trial on two felon-in-possession charges. 67 F.3d 334, 339 (1st Cir.1995) (discussing the merit of the defendant’s entrapment defense).
The case that comes closest to allowing evidence of gun possession to demonstrate predisposition to commit an armed crime is United States v. Lewis, 641 F.3d 773 (7th Cir.2011), which concerned counts stemming from a home-invasion investigation similar to the one at issue in this ease. In Lewis, the Seventh Circuit determined that the court below had not erred in *393 admitting evidence of the defendant’s prior convictions for (1) being a felon in possession of a firearm and (2) theft involving a home invasion. Id. at 779, 783. The district court allowed the evidence because, together, the two prior convictions showed “a pattern of behavior by someone who has an intent, first, to use a firearm unlawfully, and, secondly, to enter into a residence and commit theft.” Id. at 783 (internal quotation marks omitted). Nothing in the Seventh Circuit’s opinion indicates that the court would have reached the same conclusion if the lower court had admitted the felon-in-possession conviction without also admitting the theft conviction.
When I compare the instant case to Lewis and the other entrapment cases that I cite above, I am compelled to draw the conclusion that a felon-in-possession charge is not similar enough to a home-invasion conspiracy to render the former crime indicative of predisposition to commit the latter crime. In a typical case, the only similarity between conspiracy to commit an armed home invasion and possession of a firearm is the fact that both crimes involve firearms. This Court has made it clear that the presence of weapons does not render two crimes similar enough to warrant admitting evidence of one crime at a trial for the other. In United States v. Hawkins, the Court considered whether the misjoinder of a defendant’s carjacking and felon-in-possession charges was harmless. 589 F.3d at 704-07. The Court concluded that the firearm possession was “only marginally relevant, if relevant at all,” to the carjacking counts in light of the fact that the only thing tying the crimes together was the use of different firearms. Id. at 705. The Court ruled that the felon-in-possession evidence would be inadmissible under Rule 404(b) at a separate trial on the carjacking counts. Id.
I acknowledge that Hawkins did not involve an entrapment defense. However, this distinguishing factor does not alter my conclusion that, like the felon-in-possession evidence at issue in Hawkins, evidence of McLaurin’s firearms possession would be inadmissible at a separate trial on his remaining charges.* There is a fine line between evidence showing predisposition (which Rule 404(b) allows) and evidence showing criminal propensity (which Rule 404(b) prohibits). The evidence underlying McLaurin’s felon-in-possession charges undoubtedly falls into the latter category. It requires quite a logical leap to conclude that a felon is predisposed to conspire to rob a drug stash house simply because he possessed and sold two firearms, even when one of those firearms was a sawed-off shotgun. In my view, Rule 404(b) does not permit such an attenuated connection between a prior bad act and the alleged crime at issue. A contrary finding would veer dangerously close to interpreting Rule 404(b) in a way that gives the government unlimited power to use evidence of prior crimes whenever a defendant raises an entrapment defense. See, e.g., Acosta, 67 F.3d at 339 (reaching the questionable conclusion that evidence of the defendant’s drug dealing spoke to his propensity to possess firearms because “drug dealing is often associated with access to weapons”). *394 This is precisely the type of trial-by-character that Rule 404(b) aims to prevent.
III.
I would hold that district court erred in joining McLaurin’s conspiracy charges with his felon-in-possession charges. Because this error was not harmless, I would vacate McLaurin’s conviction on the conspiracy counts and remand for retrial.

 I would not reach, the same conclusion under an abuse-of-discretion standard of review. Although I believe that the law does not support admitting evidence of McLaurin’s firearms possession to prove his predisposition to commit the home invásion, concluding that it does so is not arbitrary or irrational. See United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994) (explaining that a district court abuses its discretion only when it acts "arbitrarily or irrationally”). For this reason, I join Part III.B of the majority's opinion, which concludes that the district court did not abuse its discretion by admitting evidence of Lowery’s firearm possession pursuant to Rule 404(b).