[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10706
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20725-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO CORREA,

Defendant-Appellant.

_____

No. 14-10861
Non-Argument Calendar

_____

D.C. Docket No.  1:13-cr-20725-JIC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERSON GOMES,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(November  21, 2014)

Before WILSON, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

In their consolidated appeals, Marco Correa and Gerson Gomes challenge their sentences of 40 months of imprisonment, which were imposed after they pleaded guilty to conspiring to defraud with device-making equipment, 18 U.S.C. § 1029(a)(4), and aggravated identity theft, *id.* § 1028A(a)(1).  Correa and Gomes argue that their sentences are unreasonable.  We affirm.

The district court did not abuse its discretion.  Correa and Gomes, citizens of Brazil, entered the United States on the same day.  Within one month, the two men established a residence in Miami, Florida; twice installed skimming devices and a camera on an automatic teller machine used by 87 debit cardholders; and used the account information stolen from some of those cardholders to rent videotapes and withdraw $500 from a customer of JP Morgan Chase Bank.  The district court

2

reasonably determined that the statutory purposes of sentencing, *see* 18 U.S.C. § 3553, were best served by imposing a sentence at the high end of Correa's and Gomes's advisory guideline range of 10 to 16 months of imprisonment for their roles in the conspiracy that would run consecutive to a mandatory term of 24 months of imprisonment for stealing personal identification information, *see id.* § 1028A(a)(1), (b)(2).

Correa and Gomes argue that the district court failed to consider any mitigating factors other than their acceptance of responsibility, but the district court found their arguments in mitigation unpersuasive. The district court rejected Correa's arguments that he had been gainfully employed in Brazil and had been influenced by Gomes and Gomes's argument that he had not transferred the identity information to a third party.

Correa and Gomes also argue that the district court based the sentence exclusively on its finding that they entered the United States intending to steal identity information, but the district court took into account the "egregious" nature of the crimes; Correa's and Gomes's admissions that the total intended loss was $43,040.13; and the agreement of the government to dismiss five additional counts of identity theft. And Correa invited any error by admitting during his sentencing hearing that a strong inference could be drawn that he and Gomes entered the country to steal other persons' identities. *See United States v. Brannan*, 562 F.3d

3

1300, 1306 (11th Cir. 2009).  Correa's and Gomes's sentences to a term within the advisory guideline range are reasonable.

We **AFFIRM** Correa's and Gomes's sentences.