[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2009
THOMAS K. KAHN
CLERK

No. 09-12116
Non-Argument Calendar

_____

D. C. Docket No. 08-21049-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT O'DANIEL ELLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 2, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Robert O'Daniel Ellis appeals his 48-month sentence, imposed following his guilty plea for illegal re-entry into the United States after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  Ellis asserts U.S.S.G. § 2L1.2 is unreasonable where the only offense characteristic it takes into consideration is the defendant's criminal history, and the imposition of 48 months' imprisonment was unreasonable in his case because it was based on a 16-point enhancement in his criminal offense category for a crime he committed over 25 years ago.

The Government contends this Court should not address Ellis's claim that U.S.S.G. § 2L1.2 is unreasonable because he invited the district court to sentence him pursuant to that section.  Ellis filed no objections to the PSI and specifically told the district court at sentencing he agreed with the calculations in the PSI.  The Government argues Ellis has waived the right to appeal this asserted error because he invited it.

"In the Eleventh Circuit, the doctrine of invited error is implicated when a party induces or invites the district court into making an error." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (quotations omitted).  "Where a party invites error, the Court is precluded from reviewing that error on appeal." *Id.* Ellis did not object to the asserted inherent unreasonableness in § 2L1.2.  In fact, his counsel stated that he "agreed" with the PSI calculations in his case, and

requested a sentence of "46 months or the least amount of incarceration that the Court sees fit." The court sentenced Ellis just above the low end of the Guidelines range after Ellis's counsel agreed with the Guidelines range and made no objections to the PSI. Therefore, because Ellis invited the error, if any, of which he now complains, we are precluded from reviewing that error on appeal. *See Brannan*, 562 F.3d at 1306. Thus, we affirm.[1]

**AFFIRMED.**

---

[1] Ellis specifically requested a sentence two months lower than the one imposed. To the extent he challenges the overall reasonableness of his sentence apart from the application of § 2L1.2, we conclude the district court's sentence was both procedurally and substantively reasonable. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007).