[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10402
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 28, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 03-20526-CV-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

$125,938.62
Proceeds of certificates of deposit
number 1271734730,
$60,851.73
number 1271736329, et al.

Defendants,

ARNOLDO JOSE ALEMAN CARDENAL,
ANA EUGENIA FLORES,
JOSE GRULLON,
NORMA L. FLORES,
MARIA ALEJANDRA ALEMAN CARDENAL,
CARLOS MIGUEL ALEMAN CARDENAL,
MARIA DOLORES ALEMAN CARDENAL,

Claimants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 28, 2010)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Maria Alejandra Aleman Cardenal, Arnoldo Jose Aleman Cardenal, Ana Eugenia Flores, Norma L. Flores, Jose Grullon, Maria Dolores Aleman Cardenal, and Carlos Miguel Aleman Cardenal (the claimants) appeal the district court's award of attorney's fees and costs in their favor pursuant to the Civil Asset Forfeiture Reform Act (CAFRA), 28 U.S.C. § 2465. In the underlying civil forfeiture action, the claimants successfully recovered the proceeds from five of seven certificates of deposit (CDs) seized by the Government. The claimants bring two issues on appeal, which we address in turn.

I.

First, the claimants contend the district court erred in deducting a proportional amount of the total award requested to reflect the Government's partial judgment of forfeiture. Specifically, the claimants maintain the reversal of Arnoldo Aleman's Nicaraguan convictions for money laundering and

embezzlement renders the partial forfeiture invalid. The claimants first raised the argument regarding Arnoldo Aleman's exoneration in two Federal Rule of Civil Procedure 60(b) motions for relief, both of which were filed after the claimants filed the present notice of appeal from their order awarding attorney's fees.

Pursuant to Federal Rule of Appellate Procedure 3, we lack jurisdiction to review any judgment or order that comes after, and is otherwise not designated, in a notice of appeal. *McDougald v. Jensen*, 786 F.2d 1465, 1474 (11th Cir. 1986). The notice of appeal underlying the instant matter exclusively designates the district court's December 18, 2008, order awarding attorney's fees and predates the filing and disposition of the claimants' initial and renewed Rule 60(b) motions. Given the content and timing of the notice of appeal, we lack jurisdiction to review the district court's denial of the claimants' Rule 60(b) motions to amend the final order of forfeiture and the award of attorney's fees.

Additionally, as a general principle, arguments not properly raised before the district court are deemed waived and will not be considered on appeal. *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1352 (11th Cir. 2009). As the argument regarding Aleman's acquittal was not within the district court's purview when it issued the relevant order for attorney's fees, the argument is not properly before this Court with regard to the present appeal.

3

II.

The claimants further contend the district court erroneously relied on the amount of the five recovered CDs at the time of their purchase, rather than the time of seizure. They assert the district court erred in (1) deducting a proportional amount of the total award requested, and (2) basing the award on the $450,000 value of the recovered CDs at the time of their purchase, rather than the $564,572 value at the time of their seizure.

"We review the district court's decision to award costs and attorney's fees for abuse of discretion." *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1326 (11th Cir. 2004). Under CAFRA, a claimant who substantially prevails in a civil forfeiture proceeding is entitled to "reasonable attorney fees and other litigation costs reasonably incurred," as well as post-judgment interest. 28 U.S.C. § 2465(b)(1). Nonetheless, where a "court enters judgment in part for the claimant and in part for the Government, the court shall reduce the award of costs and attorney fees accordingly." *Id.* § 2465(b)(2)(D). Under the doctrine of invited error, however, we are precluded from reviewing an error on appeal where a party induces or invites that error. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

Based on the information available to the district court at the time it issued the award for attorney's fees, the court was statutorily obligated to reduce the

award of costs and attorney's fees to reflect the two CDs successfully forfeited by the Government. In this regard, the district court did not abuse its discretion by dividing the total amount of attorney's fees requested by the total number of CDs involved in the case, and then deducting twice the average value of each CD to account for the Government's partial judgment.

Further, although the district court should have relied on the value of the five recovered CDs at the time of their seizure, the claimants invited this error by expressly notifying the court they had recovered $450,000. Under the doctrine of invited error, the claimants are therefore precluded from arguing on appeal the district court should have relied on the $564,572 value of the CDs in calculating the amount of attorney's fees based on the 40% contingency fee arrangement.

Consequently, the claimants have failed to demonstrate the district court abused its discretion in calculating an initial value of $180,000 in attorney's fees, which equals 40% of $450,000, and then deducting a proportional amount to reflect the Government's forfeiture of two of the seven CDs. Accordingly, we affirm the district court.

**AFFIRMED.**