[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16731

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 07-80036-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKEY THOMPSON,
a.k.a. Sea Dog,
a.k.a. Trick Daddy,
a.k.a. Tricks,
a.k.a. Daddy,
a.k.a. Renewal,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 3, 2010)

Before TJOFLAT and COX, Circuit Judges, and KORMAN,[*] District Judge.

PER CURIAM:

Appellant seeks reversal of multiple convictions stemming from separate episodes of alien smuggling, in violation of provisions of 8 U.S.C. § 1324, and related offenses. Appellant challenges the sufficiency of the evidence used to convict him on several counts, the district court's use of the <u>Allen</u> charge after the jury was initially deadlocked,[1] and the district court's admission of Appellant's prior criminal conduct—a 2000 conviction for drug trafficking—pursuant to Federal Rule of Evidence 404(b). Lastly, Appellant argues that the district court committed plain error in sentencing him to five concurrent terms of life imprisonment.

After oral argument, we find no merit in Appellant's arguments and therefore affirm his convictions and sentence.

AFFIRMED.

---

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

[1] <u>See</u> <u>Allen v. United States</u>, 164 U.S. 492, 501–02, 17 S. Ct. 154, 157 (1896). In Appellant's case, the district judge gave the <u>Allen</u> charge to the jury when it returned with a partial verdict after six hours of deliberation. When asked whether there was any objection to giving a modified <u>Allen</u> charge at that point, Appellant's counsel replied that there was none. Appellant's instant challenge to the <u>Allen</u> charge is foreclosed by the doctrine of invited error. <u>See</u> <u>United States v. Brannan</u>, 562 F.3d 1300, 1306 (11th Cir. 2009).