[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10764
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00180-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 16, 2010)

Before DUBINA, Chief Judge, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Dennis Williams appeals his convictions for conspiracy to possess

with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). On appeal, Williams argues that the district court abused its discretion in allowing evidence of his prior convictions (sale of counterfeit cocaine, armed robbery, possession of cocaine and aggravated assault with a weapon) to be admitted at trial pursuant to Federal Rule of Evidence 404(b).

"[W]e review the evidentiary rulings of the trial court only for a clear abuse of discretion." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009). Under "the deferential abuse-of-discretion standard we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Id.* (internal quotation marks omitted).

Rule 404(b) of the Federal Rules of Evidence provides,

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."

Fed.R.Evid. 404(b). We have stated that "Rule 404(b) is a rule of inclusion, and that accordingly 404(b) evidence, like other relevant evidence, should not lightly

2

be excluded when it is central to the prosecution's case." *United States v.*

*Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (internal quotation marks omitted).

> In reviewing 404(b) decisions, we apply a three-part test for admissibility of such evidence: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that the factfinder could find that the defendant committed the extrinsic act; and (3) the evidence must possess probative value that is not substantially outweighed by undue prejudice.

*United States v. Perez*, 443 F.3d 772, 779 (11th Cir. 2006). Here, Williams does

not challenge the second prong of the three-part test.

We have stated that, "in every conspiracy case, a not guilty plea renders the

defendant's intent a material issue" and that "[e]vidence of such extrinsic evidence

as may be probative of a defendant's state of mind is admissible unless the

defendant affirmatively takes[] the issue of intent out of the case." *United States v.*

*Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005) (internal quotation marks,

alterations, and ellipsis omitted); *see also United States v. Butler*, 102 F.3d 1191,

1195 (11th Cir. 1997) ("Intent is always at issue when a defendant pleads not

guilty to a conspiracy charge."); *United States v. Calderon*, 127 F.3d 1314,

1330-31 (11th Cir. 1997) (determining that intent was at issue when the defendant

argued that he was "merely present at the scene of the drug activity").

Under the third prong of the balancing test, "the probative value of the

evidence must not be *substantially outweighed* by unfair prejudice." *Jernigan*, 341

F.3d at 1282 (internal quotation marks omitted). "This determination lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *Id.* (internal quotation marks and alteration omitted). We have noted that "temporal remoteness is an important factor" and stated that a defendant "bears a heavy burden in demonstrating an abuse of the court's broad discretion in determining if an extrinsic offense is too remote to be probative." *Matthews*, 431 F.3d at 1311 (internal quotation marks omitted).

Because Williams's prior convictions were relevant to issues other than his character and their probative value was not substantially outweighed by unfair prejudice, the district court did not abuse its discretion in admitting the prior convictions into evidence.

Based on our review of the record and consideration of the parties' briefs, we affirm Williams's convictions.

**AFFIRMED.**