[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12743
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 2, 2011
JOHN LEY
CLERK

D.C Docket No. 09-00019-CR-T-33-EAJ

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ROBERT CLARKE,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 2, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Clarke appeals his sentence of 78 months' imprisonment and a lifetime of supervised release for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(A)-(B). The issue on appeal is whether this sentence is cruel and unusual in violation of the Eight Amendment.[1] After a thorough review of the record, we conclude that it is not and affirm.

I.

Clarke was stationed in Japan as a civilian employee of the Department of Defense, where he worked as a middle school teacher on a military base. While in Japan,[2] agents of the United States Air Force Office of Special Investigations found child pornography on Clarke's computer; he admitted the images were his. Clarke returned to the United States, waived his indictment, and pleaded guilty to one count of possession of child pornography. The plea agreement included a

---

[1] Clarke initially raised four issues on appeal. One of those issues, whether the sentence was procedurally reasonable, was dismissed on the government's motion based on a sentence-appeal waiver in the plea agreement. The other two issues Clarke explicitly abandoned in his reply brief. Therefore, only this one issue remains before us.

[2] Although Clarke argues that this court should consider that his crime took place in Japan and "look at the climate of international opinion," Clarke is punishable for his conduct regardless of the fact that it occurred in Japan. *See* 18 U.S.C. § 3261(a).

sentence-appeal waiver, in which Clarke expressly waived his right to appeal the sentence imposed, except on the ground that the sentence exceeded the applicable guidelines range, the statutory maximum penalty, or violated the Eighth Amendment.

Based upon his offense level and criminal history category, the applicable guidelines range was 78 to 97 months. The district judge sentenced Clarke at the low-end of the guidelines range to 78 months' imprisonment. Additionally, pursuant to 18 U.S.C. § 3583(k), the district court imposed a lifetime of supervised release. When asked whether the supervised release was appropriate, particularly in light of the low-end of the guidelines sentence that the district court was preparing to impose, Clarke's counsel responded, "We completely understand the court's judgment that a lifetime of supervised release is appropriate, and very frankly we agree with that." Clarke then argued for a downward variance in the term of imprisonment, which the district court denied. Clarke now appeals.

## II.

## A.

We first turn to Clarke's claim that the district court plainly erred when it imposed a lifetime of supervised release. We are precluded from reviewing an issue on appeal if it has been waived via the invited error doctrine. *United States*

3

*v. Brannen*, 562 F.3d 1300, 1306 (11th Cir. 2009). "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *Id.* Thus, where a defendant invites the district court to impose a term of supervised release, this court may not review the term imposed, even for plain error. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005).

Here, Clarke invited the district court's alleged error. Although Clarke argues that his statement was made only in the context of his request for a downward variance, this does not negate his support for a lifetime of supervised release. Moreover, instead of objecting to the term of supervised release, subjecting the district court's determination to plain error review, he affirmatively supported it, inviting any alleged error. *See e.g., United States v. Fulford*, 267 F.3d 1241, 1247 (11th Cir. 2001) (finding invited error precluded defendant from challenging a jury instruction when, instead of objecting to the instruction, the defendant said it was acceptable.) After inviting such error, Clarke is not permitted to "cry foul on appeal." *Brannen,* 562 F.3d at 1306.

## B.

We now turn to Clarke's remaining claim that his 78 month sentence violates the Eighth Amendment. We typically review *de novo* a constitutional challenge to a sentence; however, when the appellant fails to raise the argument

before the district court, we review only for plain error. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005). To establish plain error, the appellant must show that there was: (1) an error; (2) that was plain; and (3) that affects a substantial right. *United States v. Bacon*, 598 F.3d 772, 777 (11th Cir. 2005). If these elements are present, we may exercise our discretion to notice an unpreserved error, only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* For error to be plain, it must be clear under controlling precedent or statute. *United States v. Schmitz*, 634 F.3d 1247, 1270-71 (11th Cir. 2011).

Clarke argues that the district court plainly erred when it sentenced him to 78 months' imprisonment. The Eighth Amendment provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VII. The Eighth Amendment "contains a narrow proportionality principle that applies to noncapital sentences." *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006). "Outside the context of capital punishment, *successful* challenges to the proportionality of sentences [are] exceedingly rare." *Raad*, 406 F.3d at 1323-24 (citing *Solem v. Helm*, 463 U.S. 277, 289 (1983)) (emphasis in the original).

Here, the district court sentenced Clarke at the bottom of the guidelines range–well below the ten-year statutory maximum and within statutory limits. Further, this court, outside of a special category of juvenile offenders, has "never found a term of imprisonment to violate the Eighth Amendment . . . ." *United States v. Farley*, 607 F.3d 1294, 1343 (11th Cir. 2010). Because the district court sentenced Clarke within the limits imposed by the relevant statutes and guidelines, "he has not made the threshold showing of disproportionality with respect to his sentence." *Johnson*, 451 F.3d at 1243. Accordingly, Clarke's sentence of 78 months' imprisonment and a lifetime of supervised release is **AFFIRMED**.