[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13973
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:08-cr-00043-WTH-GRJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSBALDO FARIAS,
a.k.a. Baldo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 29, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Osbaldo Farias appeals his conviction for the lesser included offense of second degree murder, pursuant to 18 U.S.C. § 1111(a). On appeal, Farias argues the district court abused its discretion in (1) denying his request for instructions on voluntary manslaughter, and (2) responding to a jury question regarding the meaning of the terms "wanton," "callous," and "reckless" as used in the jury instructions.[1] After review, we affirm Farias's conviction.

I.

Farias first argues the district court abused its discretion by denying his request for instructions on the lesser included offense of voluntary manslaughter. Specifically, he claims the district court erred in determining there was no proof of "sudden quarrel or heat of passion."

Voluntary manslaughter "is the unlawful killing of a human being without malice . . . . [u]pon a sudden quarrel or heat of passion." 18 U.S.C. § 1112(a). Farias failed to show any evidence of "sudden quarrel or heat of passion" caused by adequate provocation. Rather, the evidence showed the victim was unarmed,

---

[1] Farias also argues the district court abused its discretion in denying his request for instructions on the lesser included offense of assault with a dangerous weapon. Farias conceded before the district court that assault with a dangerous weapon was "not a lesser included [offense], unlike vol[untary] and invol[untary manslaughter]." We are now precluded from reviewing this issue based on the doctrine of invited error. *See United States v. Brannan,* 562 F.3d 1300, 1306 (11th Cir. 2009) (noting the doctrine of invited error is implicated when a party induces or invites the district court into making an error).

was attacked from behind, quickly fell to the ground, and never got back to his feet after the initial attack. The evidence also showed the assault was planned with another inmate, that Farias followed through with the assault, and that Farias continued the assault for an extended period of time until a corrections officer intervened. Thus, the district court did not abuse its discretion in denying Farias's request for a voluntary manslaughter instruction. *See United States v. Williams*, 197 F.3d 1091, 1095 (11th Cir. 1999) (noting "[a]n abuse of discretion may occur where the evidence would permit the jury rationally to acquit the defendant of the greater, charged offense and convict him of the lesser").

## II.

Farias next argues the district court abused its discretion in responding to the jury question regarding the definitions of the terms "wanton," "callous," and "reckless" by defining "wanton and reckless" in the conjunctive and improperly blending the terms and their meanings.

"A challenged supplemental jury instruction is reviewed as part of the entire jury charge, in light of the indictment, evidence presented and argument of counsel to determine whether the jury was misled and whether the jury understood the issues." *United States v. Lopez*, 590 F.3d 1238, 1248 (11th Cir. 2009), *cert. denied*, 131 S. Ct. 413 (2010). We will generally only reverse a district

3

court's refusal to give a requested jury instruction "when we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Id.* (citation omitted).

The district court did not abuse its discretion in its response to the jury's question. The district court reasonably determined that the jurors were considering these terms as used in its prior explanation of murder and involuntary manslaughter. Moreover, the district court provided definitions consistent with Farias's proposed definitions and with the dictionary definitions of the terms. *See Lopez*, 590 F.3d at 1248.

**AFFIRMED.**