[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13122
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20806-JLK-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL CANADA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 9, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

On June 29, 2011, the district court sentenced Michael Canada on a plea of

guilty to a prison term of 70 months for conspiring, in violation of 21 U.S.C. § 963, to import one or more kilograms of heroin, five or more kilograms of cocaine, and fifty kilograms of marijuana, in violation of 21 U.S.C. 952(a). He now appeals his sentence, contending that the district court imposed a procedurally unreasonable sentence because it erred (1) in calculating his total offense level and (2) by failing to consider the two-year sentencing disparity between him and codefendant Terrell Pratt.

A sentence may be procedurally unreasonable if the district court "improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). The problem Canada faces is that he invited any error the district court may have committed in calculating his total offense level. "[A] party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (applying invited error to a sentencing issue). "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *Id.* "The doctrine stems from the common sense view that where a party invites the trial court to commit error, he cannot

later cry foul on appeal." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

Canada invited any error the district court may have made in calculating his total offense level and Guideline sentence range because, in his objections to the presentence report, he explicitly told the district court that (1) the proper base offense level was 32, (2) he should receive a three-level reduction for acceptance of responsibility, (3) he should receive a two-level safety valve reduction, (4) the total offense level was 27, and (5) the advisory Guidelines sentence range was 70 to 87 months. Additionally, at sentencing, he agreed that, even once the 6.51 kilograms of cocaine were not attributed to him, the sentence range calculation did not change. Accordingly, he cannot now claim that the district court miscalculated his total offense level and resulting sentence range. *See Brannon*, 562 F.3d at 1306.

As for the alleged sentencing disparity, Canada did not object to the purported disparity at sentencing; hence, we consider the alleged disparity for plain error. *United States v. Patterson*, 595 F.3d 1324, 1326 (11th Cir. 2010). This standard requires the defendant to show "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

We find no plain error here.  Both Canada and Pratt were sentenced to the low end of the Guidelines sentence range calculated for them.  They had different base offense levels,  total offense levels, and sentence ranges.  Given the difference in total offense levels, Canada and Pratt were not similarly situated, and the disparity between their sentences is not plain error, much less error.

AFFIRMED.