[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15525
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:96-cr-08051-KLR-1

UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

                    versus

ROBERT JASON MORGAN,
a.k.a. Jason Leslie Morris,
a.k.a. Patrick Tuohy,
a.k.a. Jackie Morris,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 29, 2012)

Before BARKETT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Robert Morgan appeals a special condition of his one-year term of supervised release following his year-and-a-day sentence imposed for violating the terms of his prior supervised release. On appeal, Morgan argues the condition prohibiting him from serving his supervised release in Florida is not reasonably related to the relevant 18 U.S.C. § 3553(a) factors and involves a deprivation of liberty greater than reasonably necessary for the purposes of § 3553(a).

Although Morgan now argues the district court erred in prohibiting him from serving his supervised release term in Florida, Morgan invited this alleged error. At the sentencing hearing, the district court stated that Morgan was to be released in California, where he had been serving his previous term of supervised release. Defense counsel did not object and instead requested that Morgan "live in Las Vegas instead of California." Because Morgan invited the district court to impose a term of supervised release in Nevada, we are precluded from reviewing his claim of alleged error on appeal. *See United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) ("Where a party invites error, [we are] precluded from reviewing that error on appeal.").[1]

---

[1] Alternatively, the district court did not plainly err in imposing this special condition. It is within a court's discretion to impose such a limitation as a condition of supervised release, *see* 18 U.S.C. § 3563(b)(13), and the condition takes account of Morgan's criminal history and the need to protect the public from harm by preventing Morgan's release to Florida, where he previously threatened the life of a judge and a prosecutor.

**AFFIRMED.**