[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14220
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20821-PAS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE LORENZO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2013)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Jose Lorenzo, proceeding *pro se*, appeals his sentences based on his convictions for three counts of attempting to bring an alien into the United States for purposes of commercial advantage or private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii).  On appeal, Lorenzo argues that the district court erred when it ordered his sentences to run partially concurrent with a term of imprisonment he was serving for a previous offense, pursuant to U.S.S.G. § 5G1.3(c).  After a thorough review of the record, we affirm.

Ordinarily, we review a district court's interpretation of the Sentencing Guidelines and application of the Guidelines to the facts de novo, and review the court's factual findings for clear error.  *United States v. Register*, 678 F.3d 1262, 1266 (11th Cir. 2012).  We review a district court's application of U.S.S.G. § 5G1.3 de novo.  *United States v. Bidwell*, 393 F.3d 1206, 1208–09 (11th Cir. 2004).  However, "the doctrine of invited error is implicated when a party induces or invites the district court into making an error.  Where a party invites error, [this] Court is precluded from reviewing that error on appeal."  *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (quotations, alteration, and citation omitted); *see United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (holding that the defendant was precluded from claiming that the district court erred in sentencing him to a five-year term of supervised release because he "induced or invited the district court to impose a sentence that included a term of supervised release").

2

Here, Lorenzo specifically requested the district court order his five-year mandatory minimum sentence for alien smuggling to run concurrently with his undischarged cocaine conspiracy conviction.  Over the government's objections, the district court imposed the sentence Lorenzo requested.  Consequently, Lorenzo's argument that the court erred in running his sentences partially concurrent is foreclosed by the doctrine of invited error.

**AFFIRMED.**