[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11728
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00307-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATWON TYRONE MOSBY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 3, 2015)

Before CARNES, Chief Judge, MARCUS, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

A federal grand jury indicted Latwon Mosby for violating 18 U.S.C. § 922(g)(1), which makes it a crime for a convicted felon to possess a gun. Mosby moved to suppress evidence of the gun, but after conducting a hearing, a magistrate judge determined that the gun was admissible. The district court agreed and Mosby entered a conditional guilty plea to the charge, preserving his right to appeal the district court's ruling. Mosby contends that the district court should have suppressed the gun because police discovered it only after unlawfully detaining him. Because the officers who detained Mosby reasonably suspected that he was engaged in criminal activity, the district court properly admitted the gun discovered in the course of that detention.

Mosby's appeal concerns the district court's appraisal of Officer Chris Tucker's and Officer Christopher Samatis' testimony at the evidentiary hearing. The essence of that testimony is as follows. On March 28, 2014, Tucker and Samatis, both members of the Savannah-Chatham Metro Police Department, were patrolling Westlake Apartments. Westlake is located in a high-crime area of Savannah and has a history of problems with loitering and drug-related activity. In the course of their patrol, Tucker and Samatis spotted Mosby walking along a second floor hallway. As Mosby descended to the first floor, Tucker and Samatis approached him. Tucker asked Mosby if he lived at Westlake. When Mosby answered yes, Tucker asked which apartment Mosby lived in. Mosby hesitated

2

and looked around, which the officers took as a sign that he was trying to fabricate a credible answer.  Tucker then asked Mosby for identification proving he lived at Westlake, at which point Mosby attempted to flee.  Samatis grabbed Mosby to prevent him from fleeing.  While Samatis grappled with Mosby, Tucker noticed Mosby reaching for a gun in his pants.  After a struggle, the officers subdued and arrested Mosby.

Mosby moved to suppress the gun as the fruit of an unconstitutional seizure, but after hearing the officers' uncontradicted testimony, the magistrate judge recommended denying the motion.  Mosby objected to the magistrate judge's recommendation, challenging the findings that Westlake was a high crime area and that Mosby had falsely answered the officers' questions.  The district court rejected Mosby's arguments, adopted the magistrate judge's fact findings and recommendation, and denied Mosby's motion to suppress.  Mosby appeals that decision.

Mosby makes three arguments, all unavailing, that Tucker and Samatis violated his Fourth Amendment rights.  First, he argues that the officers lacked reasonable suspicion to stop and question him at the bottom of the stairs.  Mosby has forfeited this argument, however, because he acknowledged in his motion to suppress that the officers' initial approach and questioning was the type of consensual police-citizen encounter that does not implicate the Fourth

3

Amendment. A defendant may not challenge a district court's ruling on appeal after effectively inviting the district court to adopt that ruling. See United States v. Jernigan, 341 F.3d 1273, 1290 (11th Cir. 2003); United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009).

Mosby's second argument is that the district court incorrectly found that: (1) his answers to the officers' questions had been evasive; (2) he had attempted to flee; and (3) Westlake was a high crime area. We will reverse based on a district court's factual determination only "if the record lacks substantial evidence to support it," or if, after viewing all of the evidence, we are otherwise left with "a definite and firm conviction" that the district court made a mistake. Knight v. Thompson, 797 F.3d 934, 942 (11th Cir. 2015) (citation omitted). None of the findings Mosby challenges warrants reversal because each was supported by the officers' testimony at the hearing. In particular: (1) Tucker testified that Mosby stalled and appeared uncertain when asked where in the complex he lived; (2) both officers testified that Mosby began to flee when asked for identification; and (3) both officers testified that Westlake had recurring problems with loitering and drug-related activities and was in a high-crime part of the city. There was thus substantial evidence in the record to support the district court's factual findings on all three of the facts Mosby challenges, especially since we give "particular deference to credibility determinations of a fact-finder who had the opportunity to

4

see live testimony." United States v. Lebowitz, 676 F.3d 1000, 1009 (11th Cir. 2012) (alteration omitted).

Based on a few minor inconsistencies in the officers' testimony and police reports, Mosby argues that the district court should not have credited the officers' testimony. The inconsistencies to which Mosby adverts, however, are all so trivial as to be inconsequential. Indeed, read in context, many of the alleged inconsistencies in the officers' testimony are not inconsistencies at all, but merely different ways of expressing the same underlying fact. With respect to the essential details of the encounter, the officers' testimony and reports are in complete agreement. Accordingly, the district court did not clearly err in crediting Tucker's and Samatis' accounts of the encounter.

Mosby's final argument is that the officers lacked reasonable suspicion to seize him as he was attempting to get away from them, but the events preceding Samatis' grabbing Mosby belie that contention. First, as both officers testified, Westlake is a high-crime area. That a stop occurred in a high-crime area is a "relevant contextual consideration[]" for purposes of establishing reasonable suspicion. Illinois v. Wardlow, 528 U.S. 119, 124, 120 S. Ct. 673, 676 (2000). The record also contained evidence that Mosby responded to the officers' questions in a way that indicated he was lying or at least being evasive. "[E]vasive, nervous or apprehensive conduct in response to [officers'] attention[]

5

has many times been noted as a significant factor in the creation of reasonable suspicion." United States v. Willis, 759 F.2d 1486, 1497 (11th Cir. 1985).  Third, and most obviously, Mosby attempted to flee from the officers.  Flight from officers, particularly in a high-crime area, supports reasonable suspicion.  United States v. Gordon, 231 F.3d 750, 757 (11th Cir. 2000).  The officers thus had ample bases for reasonably suspecting that Mosby was engaged in criminal activity and, therefore, for detaining him.

**AFFIRMED.**