[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15220
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20279-JEM-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

ALA SALMAN,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 17, 2019)


Before MARTIN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Ala Salman appeals his 51-month sentence for one count of wire fraud.  He raises four issues on appeal, which we address in turn.  After review, we affirm Salman's sentence.

## I.  DISCUSSION

### A.  *Substantial financial hardship enhancement*

Salman asserts for the first time on appeal the district court erred by applying the substantial financial hardship enhancement under U.S.S.G. § 2B1.1(b)(2)(A) because the Government failed to demonstrate that the victim's financial hardships were caused by him, rather than the economic downturn or the owner's mismanagement.

Section 2B1.1(b)(2)(A) provides for a two-level enhancement where the offense resulted in substantial financial hardship to one or more victims.  U.S.S.G. § 2B1.1(b)(2)(A).  In relevant part, Application note 4(F) provides that courts shall consider, among other factors, whether the offense resulted in the victim: becoming insolvent; filing for bankruptcy; making substantial changes to his employment, such as postponing his retirement plans; and suffering substantial harm to his ability to obtain credit.  *United States v. Castaneda-Pozo*, 877 F.3d 1249, 1252 (11th Cir. 2017); U.S.S.G. § 2B1.1, cmt. 4(F).

Salman consented to the substantial financial hardship enhancement at the sentencing hearing, agreeing that three stores closing seems to satisfy substantial

financial hardship.  Therefore, Salman invited the district court's error and has waived appellate review.  *See United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (stating when a defendant expressly consents to or affirmatively seeks a district court's decision, he is deemed to have invited any error the court may have made and waives appellate review).

Even if we review the claim, Salman must show plain error because he did not object to the enhancement before the district court.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (stating when a defendant does not object in the district court, we review only for plain error which requires the defendant to show an error; that is plain; affects substantial rights; and seriously affects the fairness, integrity, or public reputation of judicial proceedings). Because there was evidence of substantial hardship, such as the closure of three stores, a reduced line of credit, and having to float the company with personal funds to avoid bankruptcy, the district court committed no error in imposing the enhancement.  Therefore, as Salman is unable to show any error, much less plain error, we affirm the imposition of the substantial financial hardship enhancement.

B.  *Sophisticated means enhancement*

Salman contends the district court clearly erred by applying the sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(10)(C) because his conduct was

3

the minimum necessary to commit the charged crime, and the Government did not offer sufficient proof to show he used sophisticated means.

Under § 2B1.1(b)(10)(C), a defendant's offense level is enhanced by two levels if the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.  U.S.S.G. § 2B1.1(b)(10)(C).  "Sophisticated means" refers to "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense."  *Id.* comment. (n. 9(B)).  Examples of sophisticated means listed in the commentary include hiding assets or transactions, or both, using fictitious entities, corporate shells, or offshore financial accounts.  *Id.*  However, the application notes do not limit the ways in which a defendant could use sophisticated means to conceal his crime.  *See United States v. Clarke*, 562 F.3d 1158, 1165 (11th Cir. 2009).  In gauging sophistication, the court must examine the totality of the defendant's conduct, as there is no requirement that each of the defendant's individual actions be sophisticated.  *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010).  Use of repetitive, coordinated conduct to perpetuate and conceal a fraud scheme supports a sophisticated means enhancement.  *United States v. Bane*, 720 F.3d 818, 826-27 (11th Cir. 2013).  Further, the length of time for which the conduct is not detected can reflect on the sophistication of the scheme.  *United States v. Feaster*, 798 F.3d 1374, 1381 (11th Cir. 2015).

4

The undisputed facts in the PSI and factual proffer show Salman undertook numerous schemes and repetitive conduct to make the transactions appear legitimate, including setting up companies with the appearance of legitimacy, transferring money between accounts, altering invoices, and consistently withdrawing $200-$400 per day from ATMs to avoid detection.  *See United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009) (stating the district court may base its factual findings on undisputed facts in the PSI).  Furthermore, Salman concealed this scheme for nearly six years.  Therefore, the district court did not clearly err in applying the sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(10)(C).  *See United States v. Sosa*, 777 F.3d 1279, 1300 (11th Cir. 2015) (reviewing for clear error a district court's decision to impose a sophisticated means enhancement).

C.  *Reasonableness*

Salman asserts his 51-month sentence was substantively unreasonable because the district court failed to apply any mitigating facts to the § 3553 factors, such as his acceptance of responsibility, and only offered a blanket statement that the § 3553 factors had been considered.

After considering procedural reasonableness, we consider the substantive reasonableness of a sentence in light of the totality of the circumstances and the § 3553(a) factors.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A district court

5

abuses its discretion by: (1) failing to consider relevant factors that were due significant weight; (2) giving significant weight to an improper or irrelevant factor; or (3) committing a clear error of judgment by balancing proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). We may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case. *Id*. at 1190. The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2). 18 U.S.C. § 3553(a).

Salman's 51-month sentence is substantively reasonable. *See Gall*, 552 U.S. at 41 (explaining when reviewing for reasonableness, we apply a deferential abuse-of-discretion standard). The district court stated it considered the § 3553(a) factors and the PSI, and it discussed many of the mitigating factors with the parties during the objections. It specifically discussed Salman's acceptance of responsibility. The district court also noted its concern that Salman had an arrest for a similar crime that was *nolle prossed*. Even so, the district court imposed a sentence at the low end of the Guidelines range, which both Salman and the Government requested, and which this Court would expect to be reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (stating we

6

ordinarily expect a Guidelines range sentence to be reasonable, and the defendant bears the burden of showing otherwise). Therefore, the district court had a reasoned basis for exercising its legal decisionmaking authority. *See United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (stating the district court need not state explicitly on the record that it considered each of the § 3553(a) factors, but it should set forth enough to satisfy the appellate court that it has a reasoned basis for exercising its own legal decisionmaking authority). Accordingly, we affirm Salman's sentence.

## D. *Ineffective assistance of counsel*

Salman contends his sentence was the result of ineffective assistance of counsel because no competent attorney would have conceded to the substantial financial hardship enhancement or failed to object to the sophisticated means enhancement.

We generally do not consider claims of ineffective assistance of counsel on direct appeal because the record is usually not sufficiently developed as to the merits of those claims. *United States v. Andrews*, 953 F.2d 1312, 1327 (11th Cir. 1992). We will consider an ineffective assistance of counsel claim on direct appeal where there is sufficient evidence on the record for us to do so. *Id.* We conclude there is sufficient evidence in the trial record for us to consider Salman's claim.

7

A showing of ineffective assistance of counsel requires a defendant to show that counsel's performance was deficient, and that deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Salman cannot show deficient performance or prejudice. It was not objectively unreasonable for Salman's counsel to have determined the enhancements applied given the facts of the case. First, as to the substantial financial hardship enhancement, the evidence in the factual proffer was overwhelming. Second, as to the sophisticated means enhancement, the Government objected to the enhancement and the district court still decided to impose it. The record on direct appeal supports that Salman's counsel was not ineffective in conceding the substantial financial hardship enhancement or in failing to object to the sophisticated means enhancement.

## II.  CONCLUSION

The district court did not plainly err in enhancing Salman's offense level for causing substantial financial hardship under U.S.S.G. § 2B1.1(b)(2)(A), did not clearly err by enhancing his offense level for using sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C), and did not impose an unreasonable sentence. Finally, Salman's argument his counsel was ineffective is without merit.

**AFFIRMED.**

8