**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13068

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JACOB ELIJAH GROOVER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cr-14052-AMC-1

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Jacob Groover appeals his conviction and sentence imposed upon his plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argues on appeal that his

sentence is substantively unreasonable because the district court relied on unproven disputed facts from his presentence investigation report ("PSI") in reaching its sentencing decision.[1] After review, we affirm.

## I.    Background

In 2023, a federal grand jury indicted Groover on one count of being a felon in possession of a firearm. Groover moved to

[1] Groover also argues that § 922(g)(1) is unconstitutional, both facially and as applied to him, because it violates the Second Amendment and the Commerce Clause. However, he concedes that his constitutional challenges are foreclosed by binding precedent, and he seeks merely to preserve them for further review. *See United States v. Dubois*, 139 F.4th 887, 892–93 (11th Cir. 2025) (holding that neither the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024), nor *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), abrogated our prior decision that § 922(g)(1) was constitutional under the Second Amendment); *see also United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017) (rejecting facial and as-applied challenge to § 922(g), and upholding it as a valid exercise of Congress's power under the Commerce Clause), *abrogated in part on other grounds by Erlinger v. United States*, 602 U.S. 821 (2024). Accordingly, we do not address Groover's constitutional challenges further.

Similarly, Groover initially argued that the district court erroneously calculated his guidelines range because his prior conviction for trafficking in cocaine, in violation of Florida Statute § 893.135(1)(b), did not qualify as a controlled substance offense for purposes of the guidelines. However, while this appeal was pending, we held that cocaine trafficking under Florida Statute § 893.135(1)(b) categorically qualified as a controlled substance offense for purposes of the guidelines. *See United States v. Rowe*, 143 F.4th 1318, 1328–31 (11th Cir. 2025). As a result, Groover has since conceded that *Rowe* forecloses his argument that the district court erred in calculating his guidelines range. Accordingly, we do not address this issue further.

dismiss the indictment, arguing that § 922(g)(1) violated both the Second Amendment and the Commerce Clause. The district court denied the motion in a paperless order, noting that Groover's arguments were squarely foreclosed by this Circuit's precedent.

Groover then pleaded guilty pursuant to a written plea agreement. Groover stipulated to a factual proffer, which indicated that Florida's Martin County Sheriff's Office had arranged an undercover drug purchase with a target suspect, and Groover was detained after he drove the target suspect to the buy. Officers smelled the odor of marijuana coming from Groover's car and observed "a white substance that appeared to be narcotics in a clear bag in the center console." During a search of the vehicle, officers discovered a Glock 19 handgun, and Groover admitted that the gun was his and that he knew he had been previously convicted of a felony. The factual proffer further provided that Groover had at least two prior felonies, including Florida convictions for trafficking between 200 and 400 grams of cocaine and criminal mischief.

Prior to sentencing, the United States Probation Office prepared a PSI. After applying relevant enhancements and reductions, the probation office determined that Groover's total offense level was 17. The PSI listed Groover's prior convictions as the following: (1) possession of marijuana in October 2017 (misdemeanor); (2) possession of marijuana, possession of drug paraphernalia, and speeding in November 2017 (misdemeanor); (3) possession of marijuana in January 2018 (misdemeanor);

(4) resisting an officer without violence in April 2018; (5) possession of marijuana and possession of drug paraphernalia in May 2018 (misdemeanor); (6) trafficking in cocaine in September 2018; and (7) criminal mischief ($1,000 or more) in September 2018.[2]

With regard to the 2018 drug-trafficking offense, the PSI indicated that a confidential informant introduced Groover to an undercover agent who inquired if Groover was interested in purchasing cocaine.  Groover agreed to purchase nine ounces of cocaine.  The agent met with Groover and sold him the cocaine, and Groover was arrested.  After serving three years for this offense, Groover was released and placed on three years' probation.  He then violated the terms and conditions of his probation on 23 occasions between August and November 2021, which ultimately led to the revocation of his probation.[3]  Groover also "received four disciplinary violations" while in prison "for attempting to conspire a distribution, disobeying officials, refusing to work, and participating in a disturbance."

Finally, with regard to the criminal mischief conviction, the PSI indicated that Groover had been positively identified in

---

[2] Groover also had pending charges for fleeing law enforcement and possession of cocaine with intent to distribute, resulting from Groover allegedly fleeing a traffic stop at 115 miles per hour on a motorcycle and subsequently being arrested while in possession of cocaine and over $3,000 in cash.

[3] Notably, the PSI did not specify the nature or type of the violations of probation.

24-13068                 Opinion of the Court                 5

Walmart surveillance footage using a metal object to scratch a police patrol car. The report again indicated that, while in prison, Groover "received four disciplinary violations for attempting to conspire a distribution, disobeying officials, refusing to work, and participating in a disturbance."[4]

According to the PSI, Groover's resulting criminal history category was IV, which when combined with his offense level, resulted in a guidelines range of 37 to 46 months' imprisonment. The statutory maximum was 15 years' imprisonment.

Both parties raised objections.[5] In particular, Groover objected to the paragraph describing his cocaine trafficking offense "and the narrative contained therein," arguing that the district court must rely only on *Shepard*[6] documents in determining whether a prior conviction constitutes a controlled substance

---

[4] The PSI referenced the same disciplinary violations during Groover's incarceration in the narratives for the trafficking in cocaine conviction and the criminal mischief conviction because Groover received concurrent sentences for those convictions.

[5] The government objected to the guideline range calculation, arguing that Groover's base offense level should have been higher because his 2018 cocaine trafficking conviction qualified as a controlled substance offense under the guidelines, resulting in a guidelines range of 70 to 87 months' imprisonment. The district court ultimately sustained the government's objection. As noted previously, Groover now concedes that his guidelines range was correctly calculated in light of this Court's recent decision in *Rowe*, and he has abandoned any challenge to that calculation. Accordingly, we do not address the government's objection or the district court's ruling further.

[6] *See Shepard v. United States*, 544 U.S. 13 (2005).

offense.  The probation office resolved this objection by stating that the narrative concerning the cocaine trafficking offense was not "relied upon to calculate" Groover's guidelines range and was only included "to provide information to the Court about [Groover's] previous criminal behavior."  Groover did not raise any other objections.

At sentencing, the district court determined that the correct guidelines range was 70 to 87 months' imprisonment and proceeded to hear argument regarding the appropriate sentence. The government requested a sentence of 70 months' imprisonment.  It emphasized Groover's lengthy prior criminal history involving drugs and that Groover also possessed guns in the 2017 possession of marijuana case.  The government argued that Groover's history showed a pattern of escalating conduct and a failure to take advantage of "the wake-up calls that he has received."  The government further highlighted Groover's 23 violations of probation and his 4 disciplinary violations while incarcerated.  The government pointed out that Groover had been out of jail for less than a year when he committed the instant offense.  It argued that it was important for the district court to ensure specific deterrence as to Groover's criminal conduct.

Groover's counsel advocated for a sentence between 37 and 46 months.  He argued that, though there was "no question that [Groover] went down the wrong path and committed numerous transgressions of the law," the 23 violations occurred several years

24-13068                Opinion of the Court                7

earlier and were not significant.[7]  The district court noted that those violations showed a repeat pattern that resulted in a revocation of probation and an additional prison sentence only for Groover to be released in 2022 and then arrested in this case a few months later.  The district court suggested that this behavior showed "continued disregard for the law."  Groover's counsel acknowledged that "what [Groover had] done [was] definitely wrong," but maintained that the violations were not significant and that Groover was "an extremely bright man."  Smart enough that he could change paths and do something positive with his life, and that a 70-month sentence was not necessary for "Groover to realize the error of his ways."  Counsel also pointed out that all of Groover's offenses were nonviolent and involved the purchase and not sale of drugs.  Accordingly, counsel requested that the court impose a downward variance because a 70-month sentence was more than necessary to satisfy the purposes of the sentencing factors listed in 18 U.S.C. § 3553(a).  Groover also personally addressed the court and apologized for his actions.  Groover did not bring up any issue with the PSI's description of his prior cocaine trafficking conviction or otherwise argue that the district court should not consider that information.

---

[7] Although the PSI did not specify the nature of the violations, at sentencing Groover's counsel stated that, because the violations occurred several days in a row each month between August and December 2021, his "guess [was that Groover] was on community control that required him to stay . . . within a certain range of his house, and he [was] not doing that."

The district court explained that after considering the parties' arguments, the guidelines range, and the § 3553(a) factors, 70 months' imprisonment was "very reasonable and appropriate under the circumstances." The district court described Groover's criminal history as "an escalating trend in the direction of more bold, more flagrant actions, criminal actions that depict, really, a blatant disregard for the laws of our community." The district court explained that such flagrant disrespect for the law was "evident, not only in the seriousness of the offense conduct which is laid out in the PSI, but it's reflected in [the] prior trafficking in cocaine conviction, followed by numerous violations of the terms of your community control." The district court further characterized Groover's criminal mischief in scratching the police car as "very problematic" and noted that Groover had "receive[d] additional disciplinary violations while incarcerated." Accordingly, given the seriousness of the offense conduct, and the need for specific and general deterrence, the district court concluded that a 70-month sentence was appropriate, to be followed by two years' supervised release. Finally, the district court noted that, even if the initially calculated lower guidelines range had been the correct one, it would have still imposed a 70-month sentence based on the § 3553(a) factors. Groover objected to the procedural and substantive reasonableness of the sentence. This appeal followed.

## II.    Discussion

Groover argues that his sentence is substantively unreasonable because the district court relied on unproven disputed facts in reaching its sentencing decision. Specifically, he argues that the district court erroneously relied on the narrative description of his trafficking in cocaine conviction, including the related probation violations and the four disciplinary violations while incarcerated, because he objected to that narrative and the government failed to present any evidence proving the disputed facts. Additionally, he argues that the district court erroneously believed that he had four additional disciplinary violations while incarcerated because the same disciplinary violations were referenced in the narratives concerning the trafficking in cocaine conviction and the criminal mischief conviction.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard, asking whether the sentence is reasonable in light of the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotations omitted). The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a)

factors, and the substantial deference afforded sentencing courts." *Id.*

The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a)(2). In determining the appropriate sentence, the district court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant"; the guidelines range; the "kinds of sentences available"; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution." *Id.* § 3553(a)(1), (3)–(4), (6)–(7).

Importantly, the weight given to a particular § 3553(a) factor "is committed to the sound discretion of the district court," and the court is not required to give "equal weight" to the § 3553(a) factors. *Rosales-Bruno*, 789 F.3d at 1254 (quotation omitted). "We will not second guess the weight given to a § 3553(a) factor so long as the sentence is reasonable under the circumstances." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

In considering the relevant § 3553(a) factors, the district court may rely on, among other things, facts admitted by the defendant through his guilty plea, undisputed statements in the PSI, and evidence presented at sentencing. *United States v. Evans*,

958 F.3d 1102, 1109 (11th Cir. 2020).  When a defendant challenges one of the factual bases of his sentence, the government has the burden of establishing the disputed fact by a preponderance of the evidence.  *United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013).  The district court must ensure that the government satisfies this burden by producing "reliable and specific evidence."  *Id.* (quotations omitted).  The district court may not rely on disputed facts at sentencing that the government has not established by a preponderance of the evidence.  *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013).  However, when a party induces or invites the district court into making an error, this Court is precluded from reviewing the error on appeal.  *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotations omitted).

Here, the district court did not abuse its discretion in imposing a sentence of 70 months' imprisonment, which was the bottom of the guidelines range.  The district court explained that, in reaching this sentence, it had considered the parties' sentencing arguments, the guidelines range, and the § 3553(a) factors.  The court explained its concern for the seriousness of the crime and the fact that Groover's criminal history reflected an escalating pattern

of criminal conduct and disrespect for the law.  The district court correctly considered the particularized facts of the case and acted within its discretion in giving more weight to certain sentencing factors over others.  18 U.S.C. § 3553(a)(1); *Rosales-Bruno*, 789 F.3d at 1254.

Although Groover argues that the district court erroneously relied on the objected-to description of his cocaine trafficking conviction in the PSI, that argument is not supported by the record. The district court did not describe or reference the factual narrative of the trafficking in cocaine conviction during the sentencing proceeding.  Instead, the district court referenced only the fact that Groover had been convicted of trafficking in cocaine, which the district court reasoned reflected a "blatant disregard for the law of our community."  While Groover disputed the PSI's narrative description of that offense, he did not dispute that he was in fact convicted of trafficking in cocaine.  Indeed, he admitted that fact of conviction as part of his plea agreement.  Thus, the district court did not err in relying on the existence of the conviction (without any reference to the underlying facts) as demonstrating a pattern of blatant disregard for the law.

Relatedly, Groover argues that the district court could not rely on the 23 probation violations because they were part of the narrative description of the trafficking in cocaine conviction to which he objected.  However, when the district court discussed the 23 violations at sentencing, Groover's counsel did not argue that they did not exist or that the government had to present evidence

of their existence.  Instead, Groover's counsel conceded that the violations happened, but argued that they were not significant. Accordingly, Groover invited any error in the court's reliance on the 23 violations, which precludes review.  *Brannan*, 562 F.3d at 1306.

Next, Groover argues that the district court erroneously believed that he had four additional disciplinary violations while incarcerated because the same disciplinary violations were referenced in the narratives concerning the trafficking in cocaine conviction and the criminal mischief conviction.  Again, this argument is not supported by the record.  Groover is correct that the PSI listed the same four violations in the PSI's narrative description of both the trafficking in cocaine conviction and the criminal mischief conviction, but the PSI also specified that Groover served those sentences concurrently, which mitigates any concern that the district court believed it was eight different violations as opposed to four.  Furthermore, the government at sentencing expressly stated that Groover had four disciplinary violations, which again mitigates any concern that the district court was confused as to the number of disciplinary violations. Moreover, the district court mentioned the disciplinary violations only once when referencing the criminal mischief conviction narrative (to which Groover did not object) and explaining its chosen sentence.  Accordingly, there is no indication that the district court thought that Groover had eight disciplinary violations while in prison instead of four.

Additionally, we note that Groover's 70-month sentence is at the bottom of the guidelines range and well-below the statutory maximum of 15 years' imprisonment, both of which are indicators of reasonableness. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily . . . expect a sentence within the Guidelines range to be reasonable." (quotations omitted)); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is an indicator of reasonableness). Accordingly, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (en banc) (quotations omitted). Consequently, we conclude that Groover's sentence is substantively reasonable, and we affirm.

**AFFIRMED.**